UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYMOND SANDERS

    Plaintiff

v.                                  08-0497 CKK

NATION AUTO

    Defendant

## MEMORANDUM IN SUPPORT OF MOTION TO QUASH SERVICE OF PROCESS AND VACATE DEFAULT FOR LACK OF JURISDICTION

A review of the documents in the case file show that they are replete with numerous errors and false information, sufficient to mislead the Clerk of the Court into believing that process had been properly served and that Defendant is in Default and requires close review.

This matter was originally filed by Plaintiff, pro se, on or about 24 March 2008. As a part of the filing, Plaintiff filed a faulty Civil Cover Sheet (document 1-5) that identified this matter as a non-employment civil rights matter with jurisdiction under 42 U.S.C. 1983. Plaintiff further requested this Court allow him to proceed *in forma pauperis*, which request was approved by the Court, arguably due to Plaintiff's false identification on the Civil Cover Sheet that this was a civil rights matter rather than a tort claim for false advertising. A casual reading of the Complaint clearly indicates that this matter is not a civil rights matter, rather it is a tort claim of false advertisement, even though the Plaintiff incorrectly characterizes the tort as interstate mail fraud.

At some point prior to 3 April 2008, process was presented to the United States Marshal Service for service (because the Court had approved the in forma pauperis request). The United States Marshal Service mailed the Summons and Complaint along with a USM Form 299 to Nation

Auto, 4533 St. Barnabas Rd., Temple Hills, MD 20748 by certified mail, without restricted delivery, and without identifying a registered agent or other authorized individual to accept delivery. (Document 6) The business located at 4533 St. Barnabas Rd., Temple Hills, MD 20748 is Nation Auto Group of Marlow Heights, not Nation Auto. (Exhibit A) The PS form 3811 return receipt, Block B: Received by (Printed Name), is not completed, and the signature in Block A is illegible, but clearly is not the signature of a registered agent for Defendant nor any authorized representative of the company[1], although that information was readily available through the Maryland Department of Assessments and Taxation (Exhibits A and B), and is information that Plaintiff in fact did utilize in order to serve the Default Judgment Motion on or about June 17. (Document 10)

The USM Form 299 Notice and Acknowledgment of Receipt of Summons and Complaint by Mail (document 6) was not properly or fully completed before mailing. The number of days for return of the Notice and Acknowledgment in the first and fourth paragraphs is not filled in as required by Fed. R. Civ. P. 4(d)(1)(F) . The form, in the first paragraph, does not indicate that the enclosed envelope is pre-paid as required by Fed. R. Civ. P. 4(d)(1)(C). Further, no executed Notice and Acknowledgment of Receipt of Summons and Complaint by Mail is found within the file. Clearly, Nation Auto Group of Marlow eights did not acknowledge receipt of the Summons or Complaint.

The PS form 3811, Return Receipt, was not properly or fully completed before mailing nor is the version returned to the mailer. According to the PS form 3811, the USM Form 299 that was

---

[1]The signatures of the Owners, Aman Abbasi and Zabiullah Abbasi are found on the Trade Name Application for Nation Auto Group of Marlow Heights filed on 4 August 2005 and found at Exhibit A. The signatures are clearly not the same as the signature found on the PS form 3811, Return Receipt found at Document 6.

allegedly mailed to Nation Auto does not indicate that it was accepted by an authorized individual of Nation Auto Group of Marlow Heights, nor is there any indication that the package was delivered to an authorized representative of Nation Auto Group of Marlow Heights. Since the signature is illegible and the printed name was not put on the form, it is unclear who signed for the package.

Pursuant to Fed. R. Civ. P. 4(h), service upon a corporation must be done "in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent or to any other agent authorized by appointment or law to receive service of process." Plaintiff has not filed any documentation that shows that he delivered a copy of the summons and complaint to "an officer, a managing or general agent or to any other agent authorized by appointment or law to receive service of process," and he therefore must establish that he served the company "in the manner prescribed for individuals by subdivision (e)(1)."[2]

Fed. R. Civ. P. 4(e)(1) permits a plaintiff to serve a company under the law of the state in which the district court sits or in which service was effected. Rule 4(e)(1) of the District of Columbia Rules of Civil Procedure allows plaintiff to serve defendant by means of registered or certified mail as provided by Rule 4(c)(3) of the District of Columbia Rules of Civil Procedure. When service is by registered or certified mail, Rule 4(l)(2) of the District of Columbia Rules of Civil Procedure requires that the return receipt be signed by one of the individuals authorized to do so in Rule 4(h)(1) of the District of Columbia Rules of Civil Procedure. Just as Plaintiff's return of process fails under Fed. R. Civ. P. 4(h) and (e)(1), it fails under Rules 4(e)(1) and (c)(3) of the

---

[2] Rule 4(h)(1), Fed. R. Civ. P.; Lennon v. McClory, 3 F. Supp. 2d 1461, 1463 (D.D.C. 1998)

District of Columbia Rules of Civil Procedure. There is no indication that the mail was served on an officer, a managing or general agent or to any other agent authorized by appointment or law to receive service of process.

Since Rule 4(e)(1) of the Federal Rules of Civil Procedure also allows for service in accordance with the laws of the forum in which service was effected, the Court must also look to Maryland law to determine the propriety of service. Under Maryland Rule 2-121(a), process may be served by "certified mail requesting: 'Restricted Delivery - show to whom, date, address of delivery.'" Maryland Rule 2-214 states that service on a company may be made on its registered agent or a partner, member or authorized representative. This was not accomplished. Again, Plaintiff's process fails under Maryland law. Plaintiff has failed to serve Nation Auto Group of Marlow Heights in accordance with federal, District of Columbia or Maryland law. Process is defective and should be Quashed. Further this Court does not have jurisdiction over Nation Auto Group of Marlow Heights.

Further, on 17 June 2008, Plaintiff served the Motion for Default Judgment by certified mail on Aman Abbasi, General Manager of Nation Auto (Document 10 page 3 of 3). Prior to seeking Default, Plaintiff knew or had readily available to him all the information he needed to properly serve Nation Auto Group of Marlow Heights but failed to take advantage of the information.

On or about 18 June Plaintiff filed a three page Motion for Default Judgment (Document 10). The first two pages of the Motion request the Clerk to enter Default while the third page is a PS form 3800, Certified Mail Receipt dated 17 June 2008 addressed to Nation Auto, Attn: Aman Abbasi, Manager, 4533 St. Barnabas Road, Temple Hills, Maryland 20748 along with the Post Office receipt and a copy of the envelope. Filing the Motion for Default itself is not problematic, but when the

Motion asserts that process was served, and attached to that motion is a certified mail receipt for service, the Motion becomes problematic because without careful review, the certified mail dated 17 June could easily be misinterpreted as 7 April, and if so interpreted, the fact that the Motion for Default was properly addressed to an authorized recipient could easily mislead the Clerk into believing that service was proper and that it is appropriate to enter Default.[3]

Along with the Motion for Default Judgment, Mr. Sanders submitted a false and incomplete Affidavit in Support of Default (Document 8). The Affidavit in Support of Default states that Nation Auto was served "via First Class Mail pursuant to provisions of Rule 4(C)(ii) of the Federal Rules of Civil Procedure on (date the Acknowledgment Form was signed by addressee): _____."

The Affidavit is defective because: (a) Nation Auto does not exist as a business; (b) the mail was served by Certified Mail not first class mail; (c) there is no Rule 4(C)(ii) of the federal rules of civil procedures; (d) process was not attempted to be served in accordance with Rule 4(c)(2) of the federal rules of civil procedure; (e) the date the Acknowledgment form was signed is left blank (because it was never signed nor was it ever returned); and further (f) the unsigned Notice and Acknowledgment of Receipt of Summons and Complaint by Mail in the Court file: (i) does not indicate that it is addressed to Nation Auto Group of Marlow Heights; as required by Rule 4(d)(1)(A)(i); (ii) does not indicate that it is addressed to an officer, managing or general agent or other agent authorized by appointment or by law to receive process as required by Rule

---

[3] The fact that the actual attempted service of the Complaint on 7 April was improperly addressed, the 17 June service of the Motion for Default was properly addressed and was attached to the Motion raises questions regarding the Plaintiff's veracity but is just as likely due to Plaintiff's pro se status.

4(d)(1)(A)(ii); (iii) does not indicate that a pre-paid means of returning the waiver is enclosed as required by Rule 4(d)(1)(C); (iv) does not indicate within how many days the form should be returned as required by Rule 4(d)(1)(F); and (v) was not sent by a reliable means intended to reach Nation Auto Group of Marlow Heights as required by Rule 4(d)(1)(G).

In reliance on the misleading Motion for Default and defective Affidavit in Support of Default, the Clerk of the Court entered Default in this matter on 20 June 2008.

Fed. R. Civ. P 55 allows the Clerk of the Court to enter a default when a defendant "has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise". The rules require that before a party must plead or otherwise defend, he must be properly served. Here Nation Auto Group of Marlow heights was not properly served, the affidavit was defective and the other information in the file does not establish proper service. Default should not have been entered. Fed. R. Civ. P. 60(b) states that a final judgment, order, or proceeding may be vacated for "(1) mistake . . .; (3) fraud (whether heretofore denominated intrinsic or extrinsic) . . .; (4) the judgment is void. . . (6) any other reason justifying relief from the operation of the judgment." The default should be vacated herein under each of the above subparagraphs.

Nation Auto Group of Marlow Heights was not aware of the pendency of this matter until the Motion for Default was received, counsel was contacted and counsel investigated the case. Service of Process was improper and therefore should be Quashed. The Default was entered by the Clerk after reliance on either a mistaken understanding that process had been served and Defendant had not defended; after reliance on fraudulent information. The Default is void for lack of jurisdiction and finally the interests of justice demand that the Default be vacated since Plaintiff mislead this Court into believing that the matter was a Civil Rights matter when in fact it was simple

a false advertisement claims and Nation Auto Group of Marlow Heights has a valid defense to the claim on the face of the Complaint.

Defendant Nation Auto Group of Marlow Heights moves this Court by Special Appearance of Counsel to Quash Service of Process in this matter and to Vacate the Default entered by the Clerk on 20 June 2008.

Date: 9 July 2008                                                 Respectfully submitted,

                                                                              NATION AUTO GROUP
                                                                              OF MARLOW HEIGHTS
                                                                              By Special Appearance of Counsel

___/S/ Martin Mooradian_____
Martin Mooradian, Esq.
DC Bar: 441741
Counsel for Defendants
7700 Little River Tnpk #204
Annandale, VA  22003
(703) 256-6200
(703) 256-4851 (fax)
Mmooradian@cox.net

CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July 2008 I have served by first class mail postage pre-paid a copy of the above document upon the Plaintiff at:

Raymond Sanders
4081 Minnesota Ave NE Apt #32
Washington, DC 20019

                                                                    ____/s/Martin Mooradian____
                                                                    Martin Mooradian, Esq.
                                                                    DC Bar: 441741
                                                                    7700 Little River Tnpk Suite 204
                                                                    Annandale, VA 22003
                                                                    (703) 256-6200
                                                                    (703) 256-4851 fax
                                                                    Mmooradian@cox.net

# EXHIBIT A

```
CUST ID:0001653991
WORK ORDER:0001097029
DATE:08-10-2005 11:30 AM
AMT. PAID:$25.00
```

2005 AUG -4 A 11: 27

## TRADE NAME APPLICATION

TRADE NAME: NATION AUTO GROUP OF MARLOW HEIGHTS

ADDRESS(ES) WHERE NAME IS USED: 4533 SAINT BARNABAS ROAD, TEMPLE HILLS MD 20748

FULL LEGAL NAME OF OWNER OF BUSINESS USING THE TRADE NAME: ZABIULLAH ABBASI

AMANULLAH ABBASI

If the owner is an individual or general partnership, does it have a personal property account (an "L" number)?   YES   NO

If YES, what is that number?   L __ __ __ __ __ __ __ __
If NO, see instruction 7.

ADDRESS OF OWNER: ZABIULLAH ABBASI 6248 WALKERS CROFT WAY, ALEXANDRIA VA 22315

AMANULLAH ABBASI 14961 VINT HILL RD, NOKESVILLE VA 20181

ZIP: 20181

DESCRIPTION OF BUSINESS: USED CAR DEALERSHIP

I AFFIRM AND ACKNOWLEDGE UNDER PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE.

_____         _____
SIGNATURE OF OWNER                 SIGNATURE OF OWNER

_____         _____
SIGNATURE OF OWNER                 SIGNATURE OF OWNER

Revised 8/03

# EXHIBIT B



**Maryland Department of Assessments and Taxation**

**Taxpayer Services Division**
301 West Preston Street  Baltimore, MD 21201   (2007 w3.3)

Main Menu | Security Interest Filings (UCC) | Business Entity Information (Charter/Personal Property) New Search | Rate Stabilization Notices | Get Forms | Certificate of Status | SDAT Home

Taxpayer Services Division

Entity Name: NATION AUTO GROUP OF MARLOW HEIGHTS
Dept ID #: T00228792

Ack #: 1000361991744099

**Locations**

NATION AUTO GROUP OF MARLOW HEIGHTS
4533 SAINT BARNABAS RD
TEMPEL HILLS, MD 20748

**Owners**

ZABIULLAH ABBASI
6248 WALKERS CROFT WAY
ALEXANDRIA, VA 22315

AMANULLAH ABBASI
14961 VINT HILL RD
NOKESVILLE, VA 20181

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYMOND SANDERS

    Plaintiff

v.                              08-0497 CKK

NATION AUTO

    Defendant

## ORDER

THIS MATTER COMES ON Motion of Defendant Nation Auto Group of Marlow Heights by special appearance of counsel to Quash Service of Process and to Vacate the Default entered by the Clerk of the Court on 20 June 2008, and after a review of the documents in the file and arguments of Counsel

IT APPEARING TO THE COURT that Plaintiff has failed to properly serve process on Defendant pursuant to the Federal Rules of Civil Procedure, the District of Columbia Rules of Civil Procedure or the State of Maryland Rules of Civil Procedure, and it further appearing to the Court that this Court did not have jurisdiction over Defendant at the time the Default was entered, it is therefore

ORDERED that process on Nation Auto Group of Marlow Heights be and hereby is Quashed, and it is further

ORDERED that the Default entered by the Clerk of the Court on 20 June 2008 be and is hereby Vacated.

And this matter continues.

Entered: _____          _____
                                          Collen Kollar-Kotelly, Judge

I ask for this:


_____/S/ Martin Mooradian_____
Martin Mooradian, Esq.
DC Bar: 441741
Counsel for Defendants
77000 Little River Tnpk #204
Annandale, VA  22003
(703) 256-6200
(703) 256-4851 (fax)
MMooradian@cox.net
by Special Appearance



Seen and _____:




_____
Raymond Sanders
Pro Se
4081 Minnesota Ave NE Apt #32
Washington, DC 20019
(202) 832-5204
Plaintiff

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYMOND SANDERS

    Plaintiff

v.   08-0497 CKK

NATION AUTO

    Defendant

LIST OF AUTHORITIES

Fed. R. Civ. P. 4 (d)(1)(F)
Fed. R. Civ. P. 4(d)(1)(C)
Fed. R. Civ. P. 4(e)(1)
Fed. R. Civ. P. 4(h)
Lennon v. McClory, 3 F. Supp. 2d 1461, 1463 (D.D.C. 1998)

D.C. R. Civ. P 4(c)(3)
D.C. R. Civ. P 4(e)(1)
D.C. R. Civ. P 4(h)(1)
D.C. R. Civ. P 4(l)(2)

Maryland Rule 2-121(a)
Maryland Rule 2-214

Date: 9 July 2008                                       NATION AUTO GROUP
                                                                                   OF MARLOW HEIGHTS
                                                                                    By Special Appearance of Counsel

    /S/ Martin Mooradian
Martin Mooradian, Esq.
DC Bar: 441741
Counsel for Defendants
7700 Little River Tnpk #204
Annandale, VA  22003
(703) 256-6200
(703) 256-4851 (fax)
Mmooradian@cox.net

1

CERTIFICATE OF SERVICE

    I hereby certify that on the 9th day of July 2008 I have served by first class mail postage pre-paid a copy of the above document upon the Plaintiff at:

Raymond Sanders
4081 Minnesota Ave NE Apt #32
Washington, DC 20019

           /s/Martin Mooradian
Martin Mooradian, Esq.
DC Bar: 441741
7700 Little River Tnpk Suite 204
Annandale, VA 22003
(703) 256-6200
(703) 256-4851 fax
Mmooradian@cox.net