UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYMOND SANDERS

    Plaintiff

v.                              08-0497 CKK

NATION AUTO

    Defendant

**MEMORANDUM IN SUPPORT OF DEFENDANT NATION AUTO GROUP
OF MARLOW HEIGHTS' RULE 12(b)(1) and 12(b)(6) MOTION TO DISMISS**

    Nation Auto Group of Marlow Heights respectfully submits this Memorandum of Points and Authorities in Support of its Motion to Dismiss the Complaint for Lack of Subject Matter Jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

    It is well established that the plaintiff bears the burden of demonstrating that the Court has jurisdiction over matter alleged in a Complaint. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir 1995) (citing *Kehr Packages, Inc. V. Fidelcor, Inc.* 926 F2d 1406, 1409 (3rd Cir 1991)). Plaintiff has failed to allege the required statutory and factual predicates to establish federal jurisdiction the Complaint should be dismissed. The Complaint does not identify any statute through which Plaintiff asserts federal jurisdiction, however the Civil Cover Sheet alleged jurisdiction under 42 U.S.C. 1983, Civil Action For Deprivation of Rights, and the body of the complaint references the term "interstate mail fraud," which falls under 18 U.S.C. 1341, Mail Fraud, a criminal statute that does not grant a private right to sue.

    42 U.S.C. 1983, Civil Action For Deprivation of Rights requires that the claim allege that Nation Auto acted under color of a "statute, ordinance, regulation, custom, or usage, of any State or

1

Territory or the District of Columbia" and that Plaintiff was" subjected to or caused to be subjected to the deprivation of any right, privilege, or immunity secured by the Constitution and laws of the United States."  The complaint is devoid of any factual allegation regarding either color of law or deprivation of any right.  The Complaint does not justify jurisdiction under 42 U.S.C. 1983.

The body of the Complaint references the term "interstate mail fraud,"[1] which would likely fall under 18 U.S.C. 1341, Mail Fraud. 18 U.S.C. 1341, Mail Fraud, makes it illegal for "[w]hoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, or to sell, dispose of, loan, exchange, alter, give away, distribute, supply, or furnish or procure for unlawful use any counterfeit or spurious coin, obligation, security, or other article, or anything represented to be or intimated or held out to be such counterfeit or spurious article, for the purpose of executing such scheme or artifice or attempting so to do" to use the United States mail or any private or commercial interstate carrier to deliver any such matter or thing.  The penalty for violation of this statue is that the violator "shall be fined under this title or imprisoned not more than 20 years, or both. If the violation affects a financial institution, such person shall be fined not more than $1,000,000 or imprisoned not more than 30 years, or both."  This is a criminal statue and does not  grant a private right to sue.  Further the defendant has never been accused, charged or convicted of any interstate mail fraud crimes.

Although not explicitly stated, presumably, Plaintiff asserts jurisdiction under 28 U.S.C. 1331, which establishes federal jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States."  However, invocation or allusion to §1331 can only come in

---

[1]Paragraphs 28 and 29.

litigation "in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *See Franchise Tax Bd. Of State of Cal. V. Construction Laborers Vacation Trust for Southern California*, 463 U.S. 1, 27-28 (1993); *see also Pinney v. Nokia, Inc.* 402 F3d 430, 442 (4th Cir. 2005) (stating "if the plaintiff can establish, without the resolution of an issue of federal law, all of the essential elements of his state law claim, then the claim does not necessarily depend on a question of federal law" and noting that "[i]f the plaintiff can support his claim with even one theory that does not call for an interpretation of federal law, his claim does not arise under federal law for purposes of §1331) (internal citations and quotations omitted). Plaintiff has not asserted any grounds for statutory federal jurisdiction under wither 42 U.S.C. 1983, 18 U.S.C. 1341 or 28 U.S.C. 1331. This matter should be dismissed for lack of subject matter jurisdiction.

With respect to rule 12(b)(6), Plaintiff at paragraphs 1 and 2 states that Plaintiff received an advertisement that he would receive a $5,000 Gift Certificate, and attaches Exhibits 1-A and 1-B. Plaintiff further asserts in paragraphs 3 and 4 that he was aware that he must "redeem Prize at nation Auto" and that "No purchase was necessary". Plaintiff asserts in paragraph 18 that he was given a $5,000 gift certificate and attaches the Gift Certificate as Exhibit 2.

In reliance on Plaintiff's assertions and exhibits, Plaintiff alleges that he was promised a $5,000 gift certificate from Nation Auto, and that he was given a $5,000 gift certificate from Nation Auto. Plaintiff further asserts that he did not make a purchase to receive the gift certificate. It is clear from reading the complaint that Plaintiff has equated a gift certificate "valued at $5,000"[2] with

---

[2]Paragraph 18.

"$5,000 winning"[3] in cash. The exhibits do not at any point indicate that Nation Auto would give $5,000 in cash, nor does Plaintiff assert any basis for assuming that the gift certificate could be redeemed for cash.

WHEREFORE, Defendant Nation Auto Group of Marlow Heights moves this court to Dismiss this matter against it for failure to assert subject matter jurisdiction under Fed. R. Civ P. 12(b)(1) and for failure to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6).

Date: 15 July 2008                                            Respectfully submitted,

                                                              NATION AUTO GROUP OF
                                                              MARLOW HEIGHTS
                                                              By Counsel

___/S/ Martin Mooradian_____
Martin Mooradian, Esq.
DC Bar: 441741
Counsel for Defendants
7700 Little River Tnpk #204
Annandale, VA  22003
(703) 256-6200
(703) 256-4851 (fax)
Mmooradian@cox.net

---

[3]Paragraph 13.

CERTIFICATE OF SERVICE

I hereby certify that on the 9th day of July 2008 I have served by first class mail postage pre-paid a copy of the above document upon the Plaintiff at:

Raymond Sanders
4081 Minnesota Ave NE Apt #32
Washington, DC 20019

                                              /s/Martin Mooradian
                                         Martin Mooradian, Esq.
                                         DC Bar: 441741
                                         7700 Little River Tnpk Suite 204
                                         Annandale, VA 22003
                                         (703) 256-6200
                                         (703) 256-4851 fax
                                         MMooradian@cox.net

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RAYMOND SANDERS

    Plaintiff

v.                                              08-0497 CKK

NATION AUTO

    Defendant

<u>ORDER</u>

THIS MATTER COMES ON Motion of Defendant Nation Auto Group of Marlow Heights by Counsel under Fed. R. Civ. P. 12(b)(1) to Dismiss this matter for failure to assert subject matter jurisdiction and under Fed. R. Civ. P 12(b)(6) to dismiss this matter for failure to assert a claim for which relief can be granted, and after reviewing the Complaint and the arguments of counsel,

IT APPEARING TO THE COURT that Plaintiff has failed to properly assert the subject matter jurisdiction of this Court, it is therefore

ORDERED that this matter be and hereby is dismissed.

And this matter continues.

Entered: _____   _____

                                                                                         Collen Kollar-Kotelly, Judge

I ask for this:


\_\_\_\_\_/S/ Martin Mooradian\_\_\_\_\_
Martin Mooradian, Esq.
DC Bar: 441741
Counsel for Defendants
7700 Little River Tnpk #204
Annandale, VA  22003
(703) 256-6200
(703) 256-4851 (fax)
MMooradian@cox.net
by Special Appearance



Seen and _____:




_____
Raymond Sanders
Pro Se
4081 Minnesota Ave NE Apt #32
Washington, DC 20019
(202) 832-5204
Plaintiff